UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GEORGE WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:13-cv-0018-JMS-MJD |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of George Walker for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**Background**

Walker is serving a sentence imposed for his convictions of drug offenses in an Indiana state court. He was sentenced on October 25, 2005. His convictions were affirmed on appeal in *Walker v. State*, No. 49A02-0511-CR-01076 (Ind.Ct.App. August 29, 2006), but the case was remanded to correct a sentencing error, which was done on September 20, 2006. The Indiana Supreme Court denied Walker's petition to transfer on October 26, 2006.

On November 5, 2007, Walker filed an action for post-conviction relief. The trial court's denial of that post-conviction petition was affirmed on appeal in *Walker v. State,* No. 49A02-1104-PC-00419 (Ind.Ct.App. July 5, 2012). No petition to transfer was filed with respect to the resolution of his action for post-conviction relief.

The present habeas petition was signed by Walker in January 2013 (the petition does not contain a precise date and Walker has not supplied a statement as to the precise date he signed the petition), and was filed with the clerk of the court on January 14, 2013. The respondent has appeared in the action and argues that Walker's habeas petition should be denied because of two procedural doctrines—these being that the petition was not timely filed and that Walker committed procedural default in the Indiana state courts prior to filing this action.

## Discussion

"We live in a world of deadlines." *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir. 1996). In an attempt to Acurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the AEDPA, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision provides that:

> a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). . . . "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day* [*v. McDonough,* 547 U.S. 198, 201 (2006)] (quoting 28 U.S.C. § 2244(d)(2)).

*Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012).

Walker's convictions were final on January 24, 2007, the date on which the time in which to seek review from the Supreme Court of the United States expired. (This was 90 days after the Indiana Supreme Court denied Walker's petition to transfer following the Court of Appeals' decision in No. 49A02-0511-CR-01076.) Subject to a tolling event, Walker therefore had through January 25, 2008, in which to file his federal habeas petition. See *Fernandez v. Sternes,*

227 F.3d 977, 978 (7th Cir. 2000). Walker's properly filed action for post-conviction relief had been filed on November 5, 2007, and remained pending until July 5, 2012.

The foregoing events yield the following: 285 days of the statute of limitations ran between January 25, 2007 and November 5, 2007. This left 80 days remaining on the statute of limitations. The statute began to run again on July 5, 2012 and expired on September 23, 2012. Even assuming that Walker signed his petition on January 1, 2013, the statute of limitations had expired just over three months previously. Therefore, the petition is untimely and must be dismissed.

Applying the prison mailbox rule, Walker's habeas petition can be considered to have been "filed" on the date it was signed. *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999). This date could not have been earlier than January 1, 2013.

The respondent is also correct that Walker never presented his habeas claim to the Indiana Supreme Court. His failure to do so constitutes procedural default. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999)(holding that "a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims for purposes of 28 U.S.C. § 2254(b)(1), and that the habeas petitioner's failure to present her "claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001)(petitioner's failure to present issue to Indiana Supreme Court constituted procedural default).

Although Walker argues in his reply that he presented his ineffective assistance of counsel claim at post-conviction review, the record shows otherwise. The record shows that Walker failed to properly perfect his appeal from the trial court's denial of his petition for post-conviction relief. In addition, Walker failed to present this claim to the Indiana

Supreme Court. Walker has not shown circumstances permitting him to overcome the consequences of that default and thereby permit the court to reach the merits of his claims. *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003).

## Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Walker has encountered the hurdles produced by the 1-year statute of limitations and the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed.** Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the Court finds that Walker has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 06/26/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

George Walker, #157599, Wabash Valley Correctional Facility, 6908 S. Old U.S. Highway 41, Carlisle, IN 47838-1111

Henry.Flores@atg.in.gov